IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
EASTERN DIVISION

**KENDRICK WATERS**                                                  **PETITIONER**

**V.**                                    **CIVIL ACTION NO. 2:21CV82 HSO-LGI**

**BOBBY FAIRLEY**                                        **RESPONDENT**

### REPORT AND RECOMMENDATION
### OF UNITED STATES MAGISTRATE JUDGE

Kendrick Waters seeks habeas corpus relief pursuant to 28 U.S.C. § 2254. Respondent asserts that the petition is time-barred pursuant to 28 U.S.C. § 2244(d) under the Antiterrorism and Effective Death Penalty Act of 1996. After a review of the record and the applicable law, the undersigned recommends that the petition be dismissed with prejudice.

Nearly six years ago, Waters entered a guilty plea in the Circuit Court of Jasper County, Mississippi to second-degree murder. He was sentenced on August 3, 2016, to a 30-year term of imprisonment with 20 years to serve in the custody of the Mississippi Department of Corrections ("MDOC"), followed by 5 years of post-release supervision and another 5 years of unsupervised post-release supervision. Aggrieved, Waters filed a motion for post-conviction collateral relief in the Mississippi Supreme Court on December 11, 2017, challenging his guilty plea. A financial authorization form attached to the motion was dated September 6, 2017. As grounds for relief, Waters asserted, *inter alia*, that his guilty plea was involuntary and defective, that his plea should be set aside based on newly discovered evidence, and his counsel was ineffective. The Mississippi

Supreme Court dismissed the motion without prejudice to Waters refiling it in the Jasper County Circuit Court—the court of proper jurisdiction. *See* Miss Code Ann. § 99-39-7 (2014); *Jackson v. State*, 67 So. 3d 725, 730 (Miss. 2011) (trial court should exercise initial jurisdiction over the post-conviction proceedings of defendants who plead guilty); *Martin v. State*, 556 So. 2d 357, 359 (Miss. 1990) ("In cases where the prisoner has entered a plea of guilty, the trial court has exclusive, original jurisdiction to hear and determine a petition for post-conviction relief.").

On May 4, 2018, Waters filed his post-conviction motion in the Jasper County Circuit Court, and it was subsequently denied on December 18, 2018. A petition for writ of mandamus filed by Waters in the interim was dismissed as moot by the Mississippi Supreme Court on January 30, 2019. On September 15, 2020, the Mississippi Court of Appeals affirmed the trial court's denial of Waters's post-conviction motion. *Waters v. State*, 309 So. 3d 39, 42 (Miss. Ct. App. 2020), *reh'g denied* (Jan. 12, 2021), *cert. denied,* 314 So. 3d 1162 (Miss. 2021). A subsequent motion for rehearing and petition for writ of certiorari were denied. The instant petition, signed by Waters on May 12, 2021, was stamped as "filed" in this Court on June 4, 2021.

The Antiterrorism and Effective Death Penalty Act (AEDPA) imposes a one-year statute of limitations on state prisoners filing a federal habeas petition. Under 28 U.S.C. § 2244(d)(1), AEDPA provides that the statute of limitations shall run from the latest of:

> (A) the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;

>    (B) the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action;
>
>    (C) the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
>
>    (D) the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.
>
> (d)(1)(2) The time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward any period of limitation under this subsection.

28 U.S.C. § 2244(d)(1) and (2). Thus, unless the narrow exceptions of § 2244(d)(1)(B)-(D) apply, a federal habeas petition must be filed within one year of the final judgment of the defendant's conviction, subject to tolling for the period when a properly filed motion for post-conviction relief is pending in state court. *See Madden v. Thaler*, 521 F. App'x 316 (5th Cir. 2013). AEDPA's statute of limitations period may also be equitably tolled if a petitioner shows "(1) that he has been pursuing his rights diligently, and (2) that some extraordinary circumstances stood in his way and prevented timely filing." *Holland v. Fla.*, 560 U.S. 631, 649, 130 S. Ct. 2549, 177 L. Ed. 2d 130 (2010) (internal quotations and citations omitted); *see also Scott v. Johnson*, 227 F.3d 260, 263 (5th Cir. 2000) (equitable tolling may apply to extend the one-year statute of limitations period, but only in rare and exceptional circumstances).

Mississippi law prohibits prisoners who plead guilty from directly appealing to the Mississippi Supreme Court. Notwithstanding the statutory prohibition, the Mississippi Supreme Court has historically carved out an exception permitting appeals from a guilty plea within 30 days for challenges to the legality of the sentence. *See Sanders v. Cabana*, No. 2:04CV273-P-A, 2005 WL 1240784 (N.D. Miss. May 19, 2005). Miss. Code Ann. § 99-35-101[1] has now been amended to expressly prohibit appeals when the defendant enters a plea of guilty. As a result, state courts no longer apply the 30-day exception to guilty pleas entered after July 1, 2008, the effective date of the amendment. *See Seal v. State*, 38 So. 3d 635, 638 (Miss. Ct. App. 2010); *Burrough v. State*, 9 So. 3d 368, 374 (Miss. 2009) (noting that guilty pleas entered prior to the 2008 amendment should be analyzed in accordance with the court's interpretation of this section as it existed).

Waters entered his guilty plea after the effective date of the amendment. As such, he cannot be credited with the 30-day period for direct appeals granted to petitioners who pled guilty prior to July 1, 2008. *See Roberts v. Cockrell*, 319 F.3d 690 (5th Cir. 2003). His conviction therefore became final on August 3, 2016, the date he was sentenced by the trial court. To toll the statute of limitations, he was required to file a properly filed motion for post-conviction collateral relief in state court on or before August 3, 2017. Because Waters did not file a state post-conviction motion prior to that date, AEDPA's

---

[1] Miss. Code. Ann. § 99-35-101 provides that:

> Any person convicted of an offense in a circuit court may appeal to the Supreme Court. However, where the defendant enters a guilty plea and is sentenced, then no appeal from the circuit court to the Supreme Court shall be allowed.

4

statute of limitations period ran uninterrupted from August 3, 2016, through August 3, 2017. None of his state court post-conviction filings, including his motion for post-conviction collateral relief, tolled the statute of limitations because they were filed after August 3, 2017. *See Scott*, 227 F.3d at 263 (holding "state habeas application did not toll the limitation period under § 2244(d)(2) because it was not filed until *after* the period of limitation had expired") (emphasis in original)); *Villegas v. Johnson*, 184 F.3d 467, 472 (5th Cir. 1999) (expired limitations period cannot be revived by filing a state habeas petition). *See also Green v. Banks*, No. 1:18CV180 HSO-LRA, 2019 WL 2497227, at *1 (S.D. Miss. Jan. 28, 2019), *report and recommendation adopted,* No. 1:18CV180-HSO-LRA, 2019 WL 1167809 (S.D. Miss. Mar. 13, 2019), *certificate of appealability denied sub nom. Green v. Errington*, No. 19-60219, 2019 WL 4876449 (5th Cir. Aug. 30, 2019). Absent statutory or equitable tolling, his federal habeas petition is untimely.

In his initial response to the motion to dismiss, Waters denied that his petition was untimely, citing the financial authorization form attached to his post-conviction motion as evidence in support.[2] Though Waters failed to date his post-conviction motion, his financial authorization form is signed and bears a notary date of September 6, 2017. Under state law, an inmate's post-conviction motion, and the appeals stemming

---

[2] Respondent notes in rebuttal that Waters failed to sign his response to the motion to dismiss in violation of Rule 11(a) of the Federal Rules of Civil Procedure, which requires every pleading, motion, and other paper to be signed by an attorney of record or a party personally if the person is not represented. Fed. R. Civ. P. 11(a). The rule also requires the court to "strike an unsigned paper unless the omission is promptly corrected after being called to the attorney's or party's attention." *Id*. Though Waters does not appear to have been notified by the Clerk of Court, Respondent's rebuttal clearly highlights the deficiency. Even if the Court were to consider the arguments raised in response to the motion to dismiss, neither they nor those raised in his late-filed traverse establish that Waters is entitled to statutory or equitable tolling.

therefrom, is considered filed when it is delivered to prison authorities for mailing. *Sykes v. State*, 757 So. 2d 997, 1000–1 (Miss. 2000); *Gaston v. State*, 817 So. 2d 613, 616 (Miss. Ct. App. 2002). *See also Causey v. Cain*, 450 F.3d 601, 606–07 (5th Cir. 2006) (holding application of the "mailbox rule" to state court filings is a matter of state law which the federal courts will respect). But even if Waters is credited with this earlier date, this does not serve to toll AEDPA's statute of limitations. As noted *supra*, his failure to file a "properly-filed" post-conviction motion in state court **prior** to the AEDPA deadline of August 3, 2017 precluded statutory tolling. That his financial authorization was signed approximately two months before the motion was stamped "filed" in the Mississippi Supreme Court is irrelevant.

Absent statutory tolling, Waters must therefore show that he exercised reasonable diligence in pursuit of his federal habeas claims, or that some extraordinary circumstance prevented him from filing before the expiration of the statute of limitations. To that end, in a late-filed traverse entitled "Motion for Omnibus Hearing and Summary for Exceptional Circumstance to Excuse Untimely Filing," Waters seeks to "further clarify" the rare and exceptional circumstances warranting equitable tolling in this case. He argues as follows (as stated by Petitioner):

> To clarify the delay of my P.C.R. filing and Habeas Corpus filing and would like to show an rare and exceptional circumstance to excuse untimely filing. See Exhibit A of this motion/petition. Notice of Motion to Show Cause.
>
> In exhibit A Motion to Show Cause [,] I show first that the institutions internal mailing system may have some delays in which is excusable and that I didn't receive an order from Jasper County Circuit Court denying my P.C.R. Motion. That I had to file for a Writ of

> Mandamus 11/15/18. Second that I didn't receive an order from [Mississippi] Supreme Court until 2/14/19 stating that my P.C.R. had been delay. On these grounds the [Mississippi Court of Appeals] granted my appeal simply because it was not my fault for the delays or mishandling of mail.
>
> Now I show that I could not have filed this Habeas Corpus until 5/12/21. . . . 28 U.S.C. § 2254 B (1) an application for a writ of habeas corpus shall not be granted until it appears the applicant has exhausted the remedies available.

Liberally construed, Waters appears to contend that he could not have filed the instant petition until he first exhausted his state court remedies.

Applicants seeking federal habeas relief under 28 U.S.C. § 2254 are indeed required to exhaust all claims in state court prior to requesting federal collateral relief. *Parr v. Quarterman*, 472 F.3d 245 (5th Cir. 2006). However, a petitioner may file a protective federal petition requesting that federal proceedings be stayed while he pursues state court remedies. *Madden*, 521 F. App'x at 321; *Green*, 2019 WL 2497227, at *3, *report and recommendation* adopted *Green*, 2019 WL 2497227, No. 1:18CV180 HSO-LRA, 2019 WL 11678809 (S.D. Miss., Mar. 13, 2019). Yet, Waters failed to do so. Rather, over one year lapsed between his conviction and his motion for post-conviction relief. It is his failure to act diligently during *this* time period that precludes federal review.

To the extent Waters claims ignorance of the law, lack of knowledge of filing deadlines, temporary denial of access to research materials or the law library, and inadequacies in the prison law library impeded his ability to file sooner, none are sufficient to warrant equitable tolling. *Tate v. Parker*, 439 F. App'x 375 (5th Cir.

7

2011); *Felder v. Johnson*, 204 F.3d 168, 171–72 (5th Cir. 2000); *Scott*, 227 F.3d at 263 & n. 3 (5th Cir. 2000).

Waters's actual innocence claims are likewise insufficient. Throughout his petition, Waters maintains that he is actually innocent of the crime for which he pled guilty. Liberally construed, he asserts, *inter alia*, that his guilty plea was involuntary and defective because it lacked a factual basis. He also claims that he possesses newly discovered evidence, and that his counsel was ineffective. However, actual innocence itself is not a free-standing ground for habeas corpus relief. *Floyd v. Vannoy*, 894 F.3d 143, 155–58 (5th Cir. 2018); *Reed v. Stephens*, 739 F.3d 753, 766 (5th Cir. 2014). Actual innocence claims provide only "a gateway through which a habeas petitioner must pass to have his otherwise barred constitutional claim considered on the merits." *Herrera v. Collins*, 506 U.S. 390, 404, 113 S. Ct. 853, 122 L. Ed. 2d 203 (1993). To overcome the expiration of the AEDPA statute of limitations by showing actual innocence, a petitioner must: (1) present "new reliable evidence, whether it be exculpatory scientific evidence, trustworthy eyewitness accounts, or critical physical evidence;" (2) "that was not presented at trial;" and (3) must show, that in light of this new evidence, "it is more likely than not that no reasonable juror would have found petitioner guilty beyond a reasonable doubt." *House v. Bell*, 547 U.S. 518, 537, 126 S. Ct. 2064, 165 L. Ed. 2d 1 (2006), *citing Schlup v. Delo*, 513 U.S. 298, 329, 115 S. Ct. 851, 130 L. Ed. 2d 808 (1995).

Waters has not met this high burden here. Apart from asserting his innocence, he has not presented any new, reliable evidence to demonstrate more likely than not that a reasonable juror would not have convicted him had his actual innocence claims been

presented at trial. To the contrary, Waters points to "two written statements of [his] co-defendant that wasn't [sic] previously presented and heard at the trial court hearing" as evidence in support of his actual innocence claim.[3] In those statements, which are neither dated nor signed, Waters's codefendant admits to killing the victim and letting Waters take the fall.[4] "Evidence does not qualify as 'new' under the *Schlup* actual-innocence standard if 'it was always within the reach of [petitioner's] personal knowledge or reasonable investigation.'" *Tyler v. Davis*, 768 F. App'x 264, 265 (5th Cir. 2019), *cert. denied,* 140 S. Ct. 277, 205 L. Ed. 2d 158 (2019) (quoting *Hancock v. Davis*, 906 F.3d 387, 390 (5th Cir. 2018)). Any such statements were clearly "within the reach of [Waters's] personal knowledge or reasonable investigation" at the time of his guilty plea. Moreover, the undersigned submits that such evidence is insufficient for the same reasons articulated by the Mississippi Court of Appeals on post-conviction review:

> Waters claims that his plea and conviction should be set aside based on "newly discovered evidence." *See* Miss. Code Ann. § 99-39-5(1)(e) (Rev. 2015). The evidence at issue consists of two short, handwritten notes. Waters alleges that his co-defendant, Chandler Yeend, wrote the notes. He further alleges that the notes show that Yeend, not Waters, committed the murder to which Waters pled guilty. However, the notes were not written to Waters, and he does not explain how he obtained them. More importantly, in order to obtain post-conviction relief based on newly discovered evidence, Waters must show, among other things, that he discovered the

---

[3] Waters also claims that an officer made certain contradictory statements that were not known prior to his conviction, even though he claims they were set forth in a discovery motion. He does not direct the court to, or otherwise specify, the contradictory statements made by the officer. Nor does he explain how such evidence demonstrates more likely than not that a reasonable juror would not have convicted him of second-degree murder. Regardless, by his own admission, the statements were disclosed in discovery. Accordingly, they "were within the reach of [his] personal knowledge or reasonable investigation" at the time of his guilty plea. *Davis*, 768 F. App'x at 265.

[4] ECF No. 38, pp. 112-13.

>   evidence after he pled guilty and "that it could not have been discovered before [his plea] by the exercise of due diligence." *Brewer v. State*, 819 So. 2d 1169, 1172 (Miss. 2002) (quoting *Ormond v. State*, 599 So. 2d 951, 962 (Miss. 1992)). Waters cannot make such a showing because he admits that he was already in possession of the notes before he pled guilty. Indeed, prior to his guilty plea, Waters submitted the notes to the court as exhibits to a pro se motion to dismiss the indictment. Accordingly, Waters's newly-discovered-evidence claim fails as a matter of law.

*Waters*, 309 So. 3d at 43–44.

Lastly, to the extent Waters argues as he did on state post-conviction review that his sentence is "illegal" because he is not eligible for early release, probation, or parole, there is no such exception to AEDPA's limitations period. *See, e.g., Burton v. Shelby,* No. 3:21CV440 KHJ-LGI, ECF. 10, (S.D. Miss. Dec. 9, 2021); *Mitchum v. Hall*, No. 3:18CV572-DPJ-RHW, 2019 WL 41483849, at *4 (S.D. Miss. June 5, 2019), *report and recommendation adopted*, No. 3:18-CV-572-DPJ-RHW, 2019 WL 4145231 (S.D. Miss. Aug. 30, 2019); *Venezia v. Hall*, No. 2:19CV19-KS-MTP, 2019 WL 4072402 (S.D. Miss. June 5, 2019), *report and recommendation adopted,* No. 2:19-CV-19-KS-MTP, 2019 WL 4060347 (S.D. Miss. Aug. 28, 2019). Moreover, as noted by the Mississippi Court of Appeals, Waters is ineligible for parole under state law because he was convicted of a violent crime. *Waters*, 309 So. 3d at 43.

In sum, Petitioner's failure to initiate state court post-conviction proceedings before August 3, 2017, precluded statutory tolling under 28 U.S.C. § 2244(d)(1)(A). None of AEDPA's other statutory exceptions set forth in § 2244 (a)(1)(B-D) are applicable in this case, and none of Petitioner's remaining arguments are relevant or warrant tolling of the statute of limitations. Because the instant petition was filed well

after the federal statute of limitations expired, the undersigned finds that Petitioner's habeas petition is time-barred and recommends that it be dismissed with prejudice.

## NOTICE OF RIGHT TO APPEAL/OBJECT

Pursuant to Rule 72(a)(3) of the *Local Uniform Civil Rules of the United States District Courts for the Southern District of Mississippi*, any party may serve and file written objections within 14 days after being served with a copy of this Report and Recommendation.  Within 7 days of the service of the objection, the opposing party must either serve and file a response or notify the District Judge that he or she does not intend to respond to the objection.

The parties are hereby notified that failure to file timely written objections to the proposed findings, conclusions, and recommendations contained within this report and recommendation, shall bar that party from attacking on appeal the unobjected-to proposed factual findings and legal conclusions accepted by the district court, except upon grounds of plain error.  28 U.S.C. § 636, Fed. R. Civ. P. 72(b) (as amended, effective December 1, 2009); *Douglass v. United Servs. Auto. Ass'n*, 79 F.3d 1415, 1428–29 (5th Cir. 1996).

Respectfully submitted on December 22, 2021.

s/ LaKeysha Greer Isaac
UNITED STATES MAGISTRATE JUDGE
