IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
EASTERN DIVISION

| | | |
|---|---|---|
| **KENDRICK WATERS** | § | **PETITIONER** |
| | § | |
| v. | § | Civil No. 2:21cv82-HSO-LGI |
| | § | |
| **BOBBY FAIRLEY** | § | **RESPONDENT** |

**ORDER ADOPTING MAGISTRATE JUDGE'S REPORT
AND RECOMMENDATION [16]; GRANTING RESPONDENT'S
MOTION TO DISMISS [9]; AND DISMISSING PETITION
FOR WRIT OF HABEAS CORPUS**

This matter comes before the Court on the Report and Recommendation [16] of United States Magistrate Judge LaKeysha Greer Isaac, entered in this case on December 22, 2021, and Respondent Bobby Fairley's Motion to Dismiss [9] filed on July 16, 2021.  Petitioner has not filed an objection to the Report and Recommendation [16].  After due consideration of Respondent's Motion to Dismiss [9], the Magistrate Judge's Report and Recommendation [16], the record, and relevant legal authority, the Court finds that the Magistrate Judge's Report and Recommendation [16] should be adopted in its entirety, that Respondent's Motion to Dismiss [9] should be granted, and that Petitioner's Petition for Writ of Habeas Corpus [1] should be dismissed with prejudice.

I. BACKGROUND

On August 3, 2016, Petitioner Kendrick Waters ("Petitioner") pled guilty in the Circuit Court of Jasper County, Mississippi, First Judicial District, to the

charge of second-degree murder, in violation of Mississippi Code § 97-3-19(1)(b), and was sentenced to a term of 30 years imprisonment, with 20 years to serve followed by five-year term of "supervised post-release supervision" and another five-year term of "unsupervised post-release supervision." Final J. [9-2] at 1. Petitioner did not file a direct appeal, but submitted a motion for post-conviction collateral relief to the Mississippi Supreme Court on December 14, 2017. *See* Mot. [10-8] at 21-37. The motion was not dated, but the verification attached to the motion was notarized on September 6, 2017. *See id.* at 38. The Mississippi Supreme Court dismissed the motion without prejudice on January 31, 2018, finding that any request for post-conviction relief had to be filed in the trial court. *See* Order [9-4] at 1.

On or about November 15, 2018, Petitioner filed a petition for post-conviction relief in the Circuit Court of Jasper County, Mississippi, First Judicial District, which was denied on December 18, 2018. *See* Pet. [10-8] at 8-11; Order [9-5] at 1. The Mississippi Court of Appeals affirmed the lower court's decision on September 15, 2020, *see* Op. [9-6] at 5, and denied rehearing on January 12, 2021, *see id.* at 1. Finally, on April 8, 2021, the Mississippi Supreme Court denied Petitioner's petition for writ of certiorari. *See* Order [9-7] at 1.

On May 12, 2021, Petitioner submitted for mailing the present Petition for Writ of Habeas Corpus [1] under 28 U.S.C. § 2254, which was docketed by the Clerk of this Court on June 4, 2021. *See* Pet. [1] at 1, 19. Respondent filed a Motion to Dismiss [9], arguing that the Petition should be dismissed with prejudice as untimely. *See* Mot. [9] at 1-12. To the extent that Petitioner raises an "actual

innocence" argument, which can permit a petitioner to overcome application of the federal limitations period, Respondent asserts that Petitioner in this case has not produced "*new evidence* sufficient to persuade the Court that 'no juror, acting reasonably, would have voted to find him guilty beyond a reasonable doubt.'" *Id.* at 13-14 (emphasis in original) (quoting *McQuiggin v. Perkins*, 569 U.S. 383, 386 (2013)).

Petitioner filed an unsigned Response [11] in opposition to Respondent's Motion to Dismiss [9], arguing that he was within the time to file his Petition under § 2254, and that he had filed his motion for post-conviction relief in the wrong court. *See* Resp. [11] at 1. In Reply, Respondent points out that Petitioner's Response [11] failed to comply with Federal Rule of Civil Procedure 11(a) because it was unsigned, but that even if the Court were to consider the Response [11], Petitioner "fails to provide any valid basis to overcome the arguments set forth in the Motion to Dismiss." Reply [12] at 2.

On December 22, 2021, the Magistrate Judge entered a Report and Recommendation [16] recommending that the Petition be dismissed with prejudice as time barred. *See* R. & R. [16] at 10-11. Petitioner has not filed any objection to the Report and Recommendation [16], and the time for doing so has passed.

## II. DISCUSSION

Where no party has objected to a magistrate judge's report and recommendation, the Court need not conduct a de novo review of it. *See* 28 U.S.C. § 636(b)(1) ("A judge of the court shall make a de novo determination of those

portions of the report or specified proposed findings or recommendations to which objection is made."). In such cases, the Court applies the "clearly erroneous, abuse of discretion and contrary to law" standard of review. *United States v. Wilson*, 864 F.2d 1219, 1221 (5th Cir. 1989).

Having conducted the required review, the Court concludes that the Magistrate Judge's findings are not clearly erroneous, nor are they an abuse of discretion or contrary to law. *See id.* Because Mississippi does not permit a direct appeal of a conviction following a guilty plea, Petitioner's conviction became final on August 3, 2016, the date that he pled guilty and was sentenced in state court. *See* Miss. Code Ann. § 99-35-101; Final J. [9-2] at 1. Absent tolling, any federal habeas petition was due by August 3, 2017. *See* 28 U.S.C. § 2244(d). Petitioner did not execute his first motion for post-conviction relief in state court until September 6, 2017, more than one year after his conviction became final. *See* Mot. [10-8] at 38.

Petitioner has not established any valid basis for tolling during the one-year period afforded under § 2244(d), nor has he met the high burden of demonstrating actual innocence or any other exception to the one-year limitations period. *See Hancock v. Davis*, 906 F.3d 387, 389 (5th Cir. 2018) (holding that claim of actual innocence requires new reliable evidence that was not presented at trial, and that a petitioner does not meet the threshold requirement for actual innocence "unless he persuades the district court that, in light of the new evidence, no juror, acting reasonably, would have voted to find him guilty beyond a reasonable doubt") (quotation omitted). Because Petitioner's federal habeas Petition was untimely,

dismissal with prejudice is warranted. *See* 28 U.S.C. § 2244(d).

### III.  CONCLUSION

**IT IS, THEREFORE, ORDERED AND ADJUDGED** that, the Report and Recommendation [16] of United States Magistrate Judge LaKeysha Greer Isaac, entered in this case on December 22, 2021, is **ADOPTED** in its entirety as the finding of this Court.

**IT IS, FURTHER, ORDERED AND ADJUDGED** that, Respondent Bobby Fairley's Motion to Dismiss [9] filed on July 16, 2021, is **GRANTED**.

**IT IS, FURTHER, ORDERED AND ADJUDGED** that, Petitioner Kendrick Waters' Petition for Writ of Habeas Corpus [1] is **DISMISSED WITH PREJUDICE**.

**SO ORDERED AND ADJUDGED**, this the 4th day of February, 2022.

*s/ Halil Suleyman Ozerden*
HALIL SULEYMAN OZERDEN
UNITED STATES DISTRICT JUDGE